IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| v. | ) ) | Crim. No. 07-131-02 (JR) |
| WILLIE BEST, | ) ) | |
| Defendant. | ) ) ) | |

**MOTION TO SUPPRESS EVIDENCE SEIZED WITHOUT A WARRANT
AND POINTS AND AUTHORITIES IN SUPPORT THEREOF**

    Defendant, Willie Best, by and through his undersigned counsel, hereby requests the Court to schedule a formal evidentiary hearing on the question of the lawful seizure of any physical evidence obtained from Mr. Best by law enforcement agents of the Federal Bureau of Investigation (F.B.I.), D.C. MPD, U.S. Park Police, North Carolina State Police or Virginia State Police in regard to the above-referenced case and to suppress any evidence obtained in violation of Mr. Best's Fourth Amendment Right to be free from unreasonable search and seizure. Defendant seeks to suppress evidence seized on four occasions without a warrant .

    (1)  On May 18, 2007, a sealed indictment was filed in the above referenced case charging the defendant and 15 other individuals with conspiracy from sometime between 1995 and May 2007, to distribute narcotics in violation of 21USC Section 846, 841 (a)(1) (B)(iii), Distribution in of narcotics near schools in violation of 21 USC 860 (a), Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable for a Term Exceeding One Year, in Violation of 18 USC 922(g) and Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense in violation of 18 USC  924(c)(1) & (2).

(2) On March 1, 1999 the police executed a search of a vehicle in which defendant had a reasonable expectation of privacy. The police searched the vehicle without the defendant's consent, without a warrant and without probable cause. The police seized $ 6,000.00 in U.S. currency which the government now seeks to introduce as evidence in the instant case.

(3) On January 14, 2004 Mr. Best was approached by the U.S. Park Police because he and Deborah Jones were observed climbing on a monument at the Jefferson Memorial. The police demanded identification and when Deborah Jones indicated that her identification was in the car, the police preceded search the vehicle without a warrant, probable cause or consent. During the search the U.S. Park Police seized $2,460 in currency and over 82 grams of suspected crack cocaine. The government recently destroyed the drug evidence but nevertheless now seeks to introduce this evidence in the instant case.[1]

(4) On October 14, 2004 the North Carolina State Highway Patrol officers stopped a vehicle occupied by Mr. Best and driven by Deborah Jones. A second vehicle driven by Jerry Faison was also stopped. The occupants of both vehicles were detained and the vehicle driven by Jerry Faison was searched following use of a canine, which allegedly alerted the police to the possibility that narcotics were in the vehicle. A search of the vehicle was initiated without the consent of Mr. Best or Jerry Faison and several kilograms of suspected cocaine were seized from inside a door panel. Also documents in the name of Willie Best were allegedly seized. The search of the vehicle was not incident to a valid arrest, the police did not have probable cause, there was no search warrant and there was no consent to search. The government seeks to admit this evidence and asserts the vehicle was rented for Best and under his control.

---

[1] Defendant submits that the destruction of evidence is a due process violation and the evidence must be suppressed or case dismissed upon a finding of bath faith by the MPD or FBI. See *Illinois v Fisher*, 540 US 544, 124 S.Ct. 1200 ( S Ct. 2004 ) relying on *Arizona v. Youngblood*, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988)

(5) On December 13, 2007 the defendant was driving a vehicle in Virginia when he was stopped arrested and the vehicle was searched. The Virginia State Police allegedly seized three firearms that were concealed below two dog kennels. It is believed that although this incident is not mentioned in the indictment, the government will seek to introduce it as other crimes evidence. On information and belief the automobile was stopped without probable cause to believe the defendant was present, there was no search warrant, no consent to search and there was no probable cause to search the vehicle.

### March 10, 1999 Warrantless Search was a Violation of Defendant's Fourth Amendment Rights

On March 10, 1999 the police executed a search of a vehicle in which defendant had a reasonable expectation of privacy. The police searched the vehicle without the defendant's consent, without a warrant and without probable cause. The police seized $ 6,000.00 in U.S. currency, which the government now seeks to introduce as evidence in the instant case.

Warrantless searches are " `per se unreasonable under the Fourth Amendment -- subject only to a few specifically established and well-delineated exceptions.' " Mincey v. Arizona, 437 U.S. 385, 390 (1978), quoting Katz v. United States, 389 U.S. 347, 357 (1967) (footnote omitted). Law enforcement officers may conduct a warrantless search of a vehicle if there is probable cause to believe that the vehicle contains evidence of a crime, and it is likely that, due to exigent circumstances, the vehicle will be unavailable for search by the time a warrant is obtained. Carroll v. United States, 267 U.S. 132 (1925). The showing of probable cause must be equivalent to that which would be required for a search warrant to issue. United States v. Dunn,

946 F.2d 615, 618-19 (9th Cir. 1991) (citing California v. Carney, 105, S. Ct. 2066, 2069 (1985). The police may search the entire vehicle and open any packages or luggage found there which could reasonably hold the items for which they have probable cause to search. United States v. Ross, 456 U.S. 798 (1982). But see California v. Acevedo, 111 S. Ct. 1982 (1991) (holding that if police have probable cause as to a specific package within a car, but no probable cause as to the vehicle itself, they may conduct a warrantless search only of the container).

Police may conduct a warrantless search of a vehicle if they have obtained the valid consent of the car's owner. See Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). The validity of that search is to be determined by the totality of the circumstances. Id. Even if there was, however, consent, the scope of any warrantless search based on consent must not exceed the scope of the consent. Further, any consent to search Mr. Bests car is tainted by the coercive behavior of the police as defined in United States v. Mendenhall, 446 U.S. 544 (1980). Therefore, the consent was not voluntary. Where the government relies on consent to justify a warrantless entry and search, it bears the burden of proving the existence of effective consent. Bumper v. North Carolina, 391 U.S. 543, 548 (1968). The government must show consent that was "unequivocal and specific." Judd v. United States, 190 F.2d 649, 651 (D.C.Cir. 1951); United States v. Benitez-Arreguin, 973 F.2d 823, 826 (10th Cir. 1992). In the instant case, the government can not show that the defendant made an unequivocal and specific consent to search the glove compartment of the vehicle at issue. Accordingly, the evidence must be suppressed.

## The January 14, 2004 Warrantless Search and Seizure
## Violated the Defendant's Fourth Amendment Rights

On January 14, 2004 Mr. Best was approached by the U.S. Park Police because he and Deborah Jones were observed climbing on a statute at the Jefferson Memorial. The park police demanded identification and when the defendant indicated that his identification was in the car, the police preceded to search the vehicle without a warrant, probable cause or consent. During the search, the U.S. Park Police seized $2,460 in currency and over 82 grams of suspected crack cocaine. The government recently destroyed the drug evidence but nevertheless now seeks to introduce photographic and documentary evidence in the instant case.[2]

The Fourth Amendment provides that "the right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated..." U.S. Const. Amend. IV. Because Mr. Best' seizure was effectuated without a warrant, the government bears the burden of proving that it was legal. *Hayes v. Florida*, 470 U.S. 811 (1985); *United States v. Allen*, 629 F.2d 51, 55 (D.C. Cir. 1980). Since Mr. Best's arrest, search and seizure of the money and drugs from the car was effectuated without a warrant, the government bears the burden of adducing sworn testimony sufficient to satisfy this Court that the facts and circumstances known to the arresting officers at the time they seized him and the drugs and money justified that seizure. *United States v. Jenkins*, 530 F. Supp. 8, 10 (D.D.C. 1981), citing, *Brinegar v. United States*, 338 U.S. 160, 175 (1949).

---

[2] Defendant will seek to dismiss the count eleven based on the government's intentional destruction of evidence on due process grounds based in a showing of bad faith. Illinois v Fisher, 540 US 544, 124 S.Ct. 1200 ( S Ct. 2004 ) relying on *Arizona v. Youngblood*, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988)

The basis for the search of the car in this case appears to change depending on the statement of the particular park police officer. It is suggested that the search was incident to arrest for the climbing on park monuments. However, the case law that might justify such a search of an automobile incident to an arrest is not applicable because the defendant was not in or near the car at the time of the arrest. This Circuit recently acknowledged in United *States v Wesley*, 293 F.3d 541 ( DC Cir 2002), that in order for a warrant-less search of a car to fall within the familiar "search incident to arrest" exception to the Fourth Amendment's warrant requirement of New York v Belton, 453 U.S. 454, 459 (1981) there are two requirements: " (i) the arrest must be lawful, and (ii) the subsequent search must not exceed the scope permitted by the exception. *See* United States v. Bookhardt, 277 F.3d 558, 564 (D.C.Cir.2002); *In re Sealed Case* 96-3167, 153 F.3d 759, 767 (D.C.Cir.1998)." United States v Wesley , 293 F.3d at 545. In *Wesley* , this Court found that the arresting officers had probable cause to arrest Wesley for violation of a stay away order when they located him seated in his car. The police physically removed him from the car, handcuffed him, placed him in the patrol car and then searched the car incident to his valid custodial arrest.

However, in the instant case, unlike *Belton or Wesley*, defendant Best was not subject to a lawful custodial arrest at a time he was in or near the car. Rather he was subject only to a possible citation for climbing on the Jefferson Memorial. He was escorted to the car by the police who were demanding he produce identification. Moreover, while one office indicated that he smelled alcohol there was no indication of driving under the influence and no tests were conducted which would justify a custodial arrest for DWI. Indeed, this case is analogous to Knowles v Iowa, 525 U.S. 113, 119 S.Ct. 484, 488 (1998)  where the Supreme Court held that

6

the defendant's Fourth Amendment rights were violated when the police conducted a full custodial search of his person and his vehicle after issuing a traffic citation for speeding. The fact that he could have been arrested under Iowa law for speeding ( supra at 487 ) did not change the Court's analysis. In this case there is no evidence that the police had the legal option in the District of Columbia for arresting the defendant for climbing on the monument. Clearly, "it is axiomatic that an incident search may not precede an arrest and serve as part of its justification." Sibron v. New York, 392 U.S. 40, 63, 88 S.Ct. 1889, 1903 (1968).

Indeed, defendant submits that he was arrested illegally in the instant case and the subsequent search and seizure of items must be suppressed under well established Fourth Amendment law. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963) It is well settled that whenever evidence is seized during a search of the person after an illegal arrest, it will be suppressed as the tainted product of the unlawful police action, unless the prosecution carries its burden of showing that the taint has been purged. Brown v. Illinois, 422 U.S. 590, 600-604, 95 S.Ct. 2254, 2260-2262, 45 L.Ed.2d416 (1975).

### The October 14, 2004 Warrantless Search and Seizure Violated Defendant's Fourth Amendment Rights

On October 14, 2004 the North Carolina State Highway Patrol officers stopped a vehicle occupied by Mr. Best and driven by Deborah Jones. A second vehicle driven by Jerry Faison was also stopped. The occupants of both vehicles were detained and the vehicle driven by Jerry Faison was searched following use of a canine, which allegedly alerted the police to the possibility that narcotics were in the vehicle. A search of the vehicle was initiated without the consent of Mr. Best or Jerry Faison and several kilograms of suspected cocaine were seized from

inside a door panel. Also documents in the name of Willie Best were allegedly seized. The search of the vehicle was not incident to a valid arrest, the police did not have probable cause, there was no search warrant and there was no consent to search. The government seeks to admit this evidence and asserts the vehicle was rented for Best and under his control.

The burden is on the government to establish that the defendant was lawfully detained at the time the police initiated a dog sniff on the outside of the vehicle in question. Presumably, the government will argue that he was lawfully detained in furtherance of a traffic stop based on the license plates not matching the description of the car. If the sniff was contemporaneous with the otherwise lawful stop, the dog sniff was reasonable and not a Fourth Amendment violation. See *Illinois v Caballes*, 543 U.S. 405, 125 S.Ct. 834, 837-38, 160 L.Ed.2d 842 (2005) However, even if the defendant was detained lawfully initially, any subsequent unreasonable detention in order to facilitate a sniff by a dog trained in drug detection would render illegal any subsequent search. As the Supreme Court noted at the outset of *Caballes*, supra.

> Here, the initial seizure of respondent when he was stopped on the highway was based on probable cause and was concededly lawful. It is nevertheless clear that a seizure that is lawful at its inception can violate the Fourth Amendment if its manner of execution unreasonably infringes interests protected by the Constitution. United States v. Jacobsen, 466 U.S. 109, 124, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984). A seizure that is justified solely by the interest in issuing a warning ticket to the driver can become unlawful if it is prolonged beyond the time reasonably required to complete that mission. In an earlier case involving a dog sniff that occurred during an unreasonably prolonged traffic stop, the Illinois Supreme Court held that use of the dog and the subsequent discovery of contraband were the product of an unconstitutional seizure. People v. Cox, 202 Ill.2d 462, 270 Ill.Dec. 81, 782 N.E.2d 275 (2002). We may assume that a similar result would be warranted in this case if the dog sniff had been conducted while respondent was being unlawfully detained.

124 S.Ct at 837. Also see *United States v. Davis*, 430 F.3d 345 ( 6th Cir 2005) Moreover, for the police to have probable cause to conduct a search of the defendant's vehicle, the dog must have alerted to narcotic's and the dog must be " well trained" and certified in drug detection. *Caballes* and the cases it relies on all assume that the dog is a "well trained narcotics -detection dog". 124 S.Ct at 838. Accordingly, defendant submits that it is the government's burden to establish that the defendant was lawfully detained and that there was probable cause for the search. Probable cause arises when officers have knowledge of trustworthy facts sufficient to warrant a person of reasonable caution to believe that an offense has been committed. United States v. Patterson, 492 F.2d 995, 997 (9th Cir.), cert. denied, 419 U.S. 846 (1974). Because, under the totality of the circumstances, the search of the automobile is unsupported by probable cause, all evidence seized pursuant to it should be suppressed. Wong Sun v. United States, 371 U.S. 471 (1963).

## The December 13, 2007 Warrantless Search and Seizure Violated the Defendant's Fourth Amendment Rights

On December 13, 2007 the defendant was driving a vehicle in Virginia when he was stopped arrested and the vehicle was searched. The Virginia State Police allegedly seized three firearms that were concealed below two dog kennels. It is believed that although this incident is not mentioned in the indictment, the government may seek to introduce it as other crimes evidence. On information and belief the automobile was stopped without probable cause to believe the defendant was present, there was no search warrant, no consent to search and there was no probable cause to search the vehicle.

Warrantless searches are " `per se unreasonable under the Fourth Amendment -- subject only to a few specifically established and well-delineated exceptions.' " Mincey v. Arizona, 437 U.S. 385, 390 (1978), quoting Katz v. United States, 389 U.S. 347, 357 (1967) (footnote omitted).  It is the government's burden to establish an exception in this case.  Although the Virginia State Police have stated that the vehicle in question was suspected as stolen, defendant believes this may have been a ruse by the FBI to provide cover for an individual who was cooperating with the government.

### The May 22, 2007 Warrantless Search and Seizure Violated Defendant's Fourth Amendment Rights

On May 22, 2007 the FBI executed a search warrant for 2504 Corning Ave. Apt 204, Fort Washington, Maryland, an apartment leased in the name of Deborah Jones, the alleged girlfriend of Willie Best and co-conspirator. Following the search of the search of the apartment and the arrest of Deborah Jones, the FBI conducted a warrantless search of Ms. Jones car, a gold Honda Accord. The FBI seized a digital scale from the glove box which allegedly contained traces of cocaine and a latent fingerprint of Willie Best.  Willie Best asserts that he had a privacy interest in the vehicle used by his girlfriend and with regard to any items stored therein. On information and belief no valid consent to search the car was given by Willie Best or Deborah Jones.

Police may conduct a warrantless search of a vehicle if they have obtained the valid consent of the car's owner. See Schneckloth v. Bustamonte, Supra.. The validity of that search is to be determined by the totality of the circumstances. Id. Even if there was, however, consent, the scope of any warrantless search based on consent must not exceed the scope of the consent. Further, any consent to search Ms Jones car is tainted by the coercive behavior of the police as

defined in <u>United States v. Mendenhall</u>, Supra.. Therefore, the consent was not voluntary. Where the government relies on consent to justify a warrantless entry and search, it bears the burden of proving the existence of effective consent. <u>Bumper v. North Carolina</u>, Supra. The government must show consent that was "unequivocal and specific." <u>Judd v. United States</u>, 190 F.2d at 651.; <u>United States v. Benitez-Arreguin</u>, 973 F.2d at 826. In the instant case, the government can not show that the defendant or Ms. Jones made an unequivocal and specific consent to search the glove compartment of the vehicle at issue. Accordingly, the evidence must be suppressed

 WHEREFORE, said all evidence seized as a result of the search of the aforementioned vehicles on 3/1/99, 1/14/04, 10/14/04, 12/13/07 and 5/22/07 must be suppressed.

         Respectfully submitted,

        _____//_____
        Richard Seligman, D.C. Bar No. 296426
        514 10th Street NW
        9th Floor
        Washington, D.C.  20004-2907
        (202) 745-7800
        Email RickSelig@aol.com
        Attorney for Willie Best

CERTIFICATE OF SERVICE

    I, Richard Seligman, hereby certify that a copy of the foregoing Motion to Suppress Warrantless Seizure of Evidence was served by electronic transmission to all interested parties this 28th day of April, 2008.

_____//_____

Richard Seligman